We are here today on a tax appeal matter arising under 0.6 U.S.C. 7422. I always appreciate the opportunity to appear before this court and discuss intellectually robust issues. This case ultimately involves a question of whether Mr. Barse is liable for payroll taxes that were due and owing for his company, C&W Enterprises LLC. The ultimate issue before the court was whether or not the taxes that the IRS levied upon and collected from the South Dakota Department of Transportation in 2007 satisfied Mr. Barse's obligations under a trust fund theory. That is ultimately the issue to be determined, but short of that, the relief requested in the complaint goes to the issue of whether or not Mr. Barse and what the trial court had decided, whether Mr. Barse had pled a causable, recognizable claim under the appropriate statute in order to challenge that issue before the court. During the briefing of this case, and I appreciate that this case doesn't have a lot of precedent out there. It's very unique in the issues. It stems 12-some years of factual issues before the complaint in this case was filed, so there really isn't a lot of perfect authority applicable to the facts of this case, but hopefully during the briefing of this case, the United States Tax Court issued a decision in Romano Murphy versus Commissioner of the Internal Revenue Service found at 152 Tax Court No. 16. This was issued in July of 2019, excuse me, May of 2019, and it explains the process by which trust fund taxes, the idea that an individual is liable for the failure to withhold payroll taxes of a company. It lays out the procedure by which the IRS must follow in order to impose that tax upon the individual, in this case Warren Barse. In that case, the tax court, on a remand from the 11th Circuit, indicated that if a person is liable for failing to pay the tax after being notified of an assessment, a lien is imposed in favor of the government and all that person's property by operation of Section 6321. It goes on to talk about the procedure where the IRS, in order to follow the taxpayer's rights, must issue a letter. It's called a 1153 letter, and when they issue that letter, that notifies the individual that, look, the IRS is holding you responsible for the corporate tax debt. Once that letter is received, then the individual has the opportunity to object to that letter and the IRS makes a final determination. In this case, they issued a notification of disallowance in December 27th of 2015, and from there, the rights that a taxpayer would have to challenge that under federal law spring from that notice of disallowance. The complaint in this case makes clear that the taxpayer wrote to the IRS in the summer of 2015 and indicated to the IRS that he objected to the personal imposition of the tax. So that was a letter? That was a letter. And so when we get into what the Eighth Circuit has said about what the details of that letter need to look like, in the Kaffenberg case, which is, I think, the only case under 7422 that the Eighth Circuit has heard, this Court has indicated that that letter need only – it's the IRS on notice of the period of time where the tax is claimed as objected to and the basis for the objection. So when the IRS issued their notice of disallowance in December of 2015, what did they tell Mr. Barrs about his right to appeal? So that letter is not in the record, but it says you have two years to appeal. It just follows statute, and that's exactly what I did in this case. I filed the complaint two years to the date of the receipt of that letter. That's one of those things that every attorney would remember, not wanting to blow a statute of limitations, rush into the courthouse in a blizzard to make sure that that complaint was filed. So we alleged in our complaint that that disallowance letter was received in December of 2015, and in paragraph 21 of our complaint that that's set out, and we filed our complaint within two years. Now, could the complaint have been more crisp in the request for relief? Sure. That, I think, is always true, but under a notice pleading standard, we certainly had submitted sufficient information to opposing counsel, the government, and the court, indicating the basis of our belief that the tax had been paid. Now, the relief under 7422, it covers several buckets. A taxpayer can pay the tax and indicate that they object to the payment and seek a refund, but the statute also refers to a refund or a credit for tax that is erroneously or illegally assessed, and so it is broad in its description of what relief is available. Now, the typical case, of course, is a refund case. And we had characterized our relief as misapplication, going back to the idea that some seven, eight years before, the IRS had received funds by levy that were specifically to be, I mean, the levy that they levied upon Merchant Bonding Company, excuse me, the South Dakota Department of Transportation, through payments made by Merchant Bonding Company, were identical in many cases in respects to the amount of payroll taxes that C&W Enterprises owed under that particular contract, and so that is why the complaint, and why I stated in my argument that— I believe the government is arguing that bars lack standing to assert a claim on behalf of C&W, which made the payment years before, and that your client should have then made a quarterly payment at that time. So that's a good point and a good question. Ultimately, the plaintiff in this case is Warren Bars, not C&W, and as I had indicated earlier, it's really an issue of characterization. Ultimately, we are asking the court to declare that the government was paid for the taxes that were owed, but the relief relates to Warren Bars and the assessment which the government issued upon him personally in the summer of 2015, that notice of lien is in the record before this court, it's in our appendix at page 15, clearly indicates that the assessment process against Warren Bars personally did start in 2015, which we do indicate in our complaint, as I indicated, maybe not as crisply as I would like in hindsight, but clearly we allege that he objected to the assessment against him personally, and then there was a notice of disallowance that followed thereafter. Again, what we're alleging, ultimately, is that the tax was paid in 2007 by virtue of the levy, but that is an issue to be decided within the proceedings, and what we believe and contend is that we should have at least got the opportunity to get past go and present evidence. I would note that most of the cases that have been published opinions under 7422 involve jury trials in some respects, as was the case in Kaffenberg, or at least some evidentiary hearing. Here we have years of very complex issues. This fact pattern before this court has resulted in now a second appeal to this court and three primarily complicated set of circumstances. But to ultimately answer your question, because this is a trust fund case as opposed to your general audit or some other type of assessment, the standard in order to obtain jurisdiction to seek relief under 7422 is that only a quarterly payment be made for one employee, and that's what the government concedes and what the United States Supreme Court said in Flora v. U.S. of the 1960 case. And so we allege that as much as $200,000 was collected by the IRS that should have been applied to satisfy what they are now assessing against Mr. Bars, which would easily satisfy that one employee payroll, quarterly payable requirement in order to have standing and have jurisdiction in order to have this case heard. I'm still having a hard time. Is it your contention that as a result of the assessment against Mr. Bars that his standing arises notwithstanding the fact that C&W was the entity obligated to make the withholding taxes? Yes, I think there's a conflation of issues between Mr. Bars in fact told the IRS to levy on the C&W funds. So in some ways... Well, they levied on the funds, and they came out of C&W, and C&W then paid it, and your claim is that there was a misapplication. You're saying that's not a claim for a refund and therefore Bars somehow has got standing? Correct. Because the assessment... So the tax claimed as owed in 2007 was as to C&W, and it was not as to Bars. It was only until the government assessed Bars in 2015 that this issue was even relevant to him personally. And so once he was notified that we are assessing you personally, Bars is saying, hey, wait a minute. I already... This has already been paid. It should have been paid with the levied funds. So that's where we get to the misapplication. It's a factual issue as to what the government received and how it applied the funds from 2007, but until there was a claim against Mr. Bars personally, he couldn't have had standing to challenge the levy or how it was applied. So all the rights that he has now, they occurred in 2015 when the IRS said, you owe this personally. So that's where this is a unique case in that it's a trust fund case. And the irony of all this is that the claim is that Bars was the one that waited too long to challenge the issue when the fact is he was just following the cues from the IRS as to when the obligation became personal to him. Again, that's all in the record, in our appendix. I believe that that was at least superficially claimed in the complaint, which is sufficient to get over the motion to dismiss standard. I realize that it is a complicated exercise to try and understand, but again, the factual matter is that we believe the tax was paid in 2017, or excuse me, 2007. And so then to now claim that Mr. Bars is responsible, he should have recourse. There should be some recourse available to him to have somebody determine whether or not he owes it. And that's exactly what we had asked to do by bringing our claim, and he should be permitted to be heard. And as a matter of fact, it should be decided whether the tax was paid or not. I agree it's a very convoluted scenario involving multiple parties, multiple sources of funds, and rich history, but that's exactly why motions to dismiss are extreme remedies. In that case, there's a preference to be decided on the merits. They have an opportunity to explain their facts and have a fact finder decide whether or not they're correct about the issue. And that is what Mr. Bars is asking for in this case, is an opportunity to present facts to show that this tax has been paid and that he's entitled to a credit under 7422. I'll reserve the rest of my time for rebuttal, if I may. Thank you. Ms. Wong, when you're ready. Good morning, Cheryl Wong for the government, and may it please the court. I want to start by clarifying something that Mr. Nichols said, I believe he said what the ultimate issue today is, is whether the district court had jurisdiction over his complaint. Not whether Mr. Bars owes. That's a merits question. That's not before us today. And I also believe Ms. Nichols talked at some length about a case called Murphy from the tax court. I don't think the parties or the district court cited that case, and I don't see that there was a 28-J letter on file. So with those preliminaries, I want to start by highlighting the difference between the employer's employment tax liability with the individual trust fund liability. When an employer pays wages to employees, the employer incurs an employment tax liability that has two parts. One part is what's commonly called a trust fund portion, and that consists of income taxes and FICA taxes withheld from the employee's wages. The second portion is a non-trust fund portion. That is paid from company funds, and that consists of the employer's portion of the FICA and the federal unemployment tax, the FUTA. And if the employer fails to turn over the trust fund portion to the government on a set schedule, the IRS can assess individuals within the company who are responsible for turning over that money to the government individually, and what is commonly called trust fund recovery penalty under Section 6672 of the tax code. So there are two parallel accounts running. One is the trust fund portion of the company's employment tax liability, and the other account is the individual's trust fund recovery penalty, and those are the same amounts. They run parallel, but we only collect it once. So if we get money from any one source, we credit it to both accounts. So when the state of South Dakota paid in the settlement with the IRS, how was that allocated? Well, according to the complaint, which allegations we take as true, my guess is that it was allocated to the company's liability, but that's not entirely clear from the four corners of the complaint. But that is a reasonable inference. So turning to the complaint that we have here, Mr. Bars is suing in his individual capacity to dispute his individual trust fund liability, trust fund recovery penalty, and that is the $186,000 that was pleaded in paragraph 22 of the complaint. We say he owes individually. He says he doesn't owe individually, but there was no allegation of one of the keystone elements for jurisdiction in district court to dispute that, which is the payment of a sufficient amount of the tax, and that is for each quarter disputed, the tax attributable to one employee. Mr. Bars, yes. From his perspective, the IRS is kind of getting him coming and going because the IRS waited nine years to make a personal assessment against him, and then when he claimed the state of South Dakota as the payment that you just mentioned, the IRS says, well, it's too late. So had he made a quarterly payment when he received the notice of disallowance, would that have then given him standing? If he personally had made a quarterly, well, first of all, in our brief, we said that the was wrong. But assuming that that was correct in 2015, suppose that we were late, well, if he had made a payment right after it was assessed, let's say in August 2015, that was the assessment date, that's not correct. That's the first time he knew that there was a personal assessment. Right. And then he would have to file a claim. Yes. So if going forward he wants to do that, yes, he pays a sufficient amount, and he files a timely refund claim with respect to that particular payment, yes, then he can get into district court to dispute that. But not right now. And not as the facts as alleged in the complaint. All right. So the argument essentially is he could pay it, and he would, he would, he would, his boss would assert that that would be a second payment because of the misallocation, right? Well, so, and then what he could get back is just his payment, right, on the refund claim because everything else would still be time barred. It wouldn't be time barred. I think what Mr. Bars is asking the government, I mean, the district court to do is to move the payments that were made towards probably the non-trust fund portion, towards his trust fund portion. So it would just be a movement. That. And so the time, the time is run for reallocation, you say, right? Or did I misread the argument? For the, probably for the corporation to sue for, assuming that that's even possible, which is not. Yes, for that, for the corporation to sue, to pay and then to file a claim. Yes, because 06, that was what was pleaded in August of September of 06 was when the levies happened. And the claim, the corporation had to file, had to have filed a refund claim within two years of that, which is 08, right? So that could not run. And plus there's a merits issue. This complaint, you know, the same issue with this complaint, which can also be dismissed for fairly specific claim because you cannot designate a payment made by levy. And so, in fact, Mr. Bars is correct, is that he had no standing to intervene before 2008. And now that he has standing, it's too late. Well, not for his personal liability, because let's say he wants to operate on a misallocation theory. Then if today he wants to do it, he can make a sufficient amount of the payment. And then on the same day, the next day, file a refund claim, right? And that would be timely because it's next day. The two years have not run with respect to that payment. So he can do that, but not with not this lawsuit. It doesn't work. So, as I understand what Mr. Bars is putting forth, because that, because the corporation paid the sufficient amount of the tax, except that it was misallocated, then he has fully paid. Well, the problem with that is the disputed tax, we have to keep in mind, is his individual liability of $186,000. So he is saying that we applied it to either the non-trust fund portion, but then the portion that is, that derives his individual liability is the trust fund portion. So that is not paid anyway. Or he could be saying, well, we applied it to the wrong time period. He's saying, well, the IRS applied it to quarter A when he, when we should have applied it to quarter B, and therefore he has a liability for quarter B. Well, then the fact remains that quarter B has not been paid. And so you have to pay whatever you're disputing, the $186,000, before you can ask for a refund. And so, because it is our view that Mr. Barnes has not paid a sufficient amount of the disputed tax, there can be no timely and effective refund claim. And even if you take the only dates of payment pleaded in the complaint, which is the corporate 2006, his 2015 objection is nine years later, far too late with respect to that. There was some discussion during Mr. Nichols' argument about 6532, whether the complaint was filed two years after the disallowance letter. We have no problem with that. There's no issue on the face of the complaint that his lawsuit was timely. What we have a problem with is 6511, which is the time limit applicable to the administrative refund claim. And then there was also a bit of a discussion about the objection, whether that qualified as an informal claim. That is also not at issue here, because the informal claim doctrine requires the informal claim in here, the objection in June of 2015, to be timely. And because that is not timely, whether that qualifies as an informal claim is irrelevant. So it's not timely with regard to the payments credited from the state of South Dakota, but it might be timely as to a quarterly payment that he would have made at that time. Well, he did not. It was not pleaded. He could make that today and file a claim today, but that was not an issue in this complaint. So to sum up, there was no allegation of a payment toward the individual trust fund recovery penalty, and there's no allegation of a timely filing of a refund claim. And therefore, we ask the court to affirm the district court's order of dismissal. Thank you. Mr. Nichols. Thank you, Your Honor. With all due respect, we do believe that the complaint alleges that the taxes were paid. The Kaffenberg case decided by this court indicates that the payment may look – take on different forms, that the receipts of funds by the government should be given broad consideration for its title. And so in this case, we believe, pursuant to Kaffenberg, that the taxes were paid in 2007. 7422 specifically offers the taxpayer the ability to seek a relief in the court for taxes paid by virtue of credit, and that's what we're asking to do here. All we did is followed exactly what the IRS's letter had indicated if we had a challenge to their disallowance. It just feels like a Hobson's choice in this particular action for the government to say, on one hand, you're time barred from reviewing issues that happened in 2007, even though we're trying to assess this personally to you now some seven years later, and then also saying because he didn't pay tax, which we already claim has been paid, that under 6511, that he's time barred. So where is the recourse for the taxpayer here? I've looked over the tax code extensively, and the only conclusion that I could come to is that we must wait until the court levies Mr. Bars personally, and then challenge that levy. But in the meantime, he's stuck with an assessment filed with the county notifying the public that he's subject to this lien until 2025. There must be recourse for the taxpayer here, and that's what we sought to do in our complaint. I would ask the court to reverse and remand so that we could have a hearing on the merits. Thank you very much. One last thing. Since you've argued Murphy, and apparently it's never been cited, if that's the case, would you please just make sure that a 28-J letter is? And I would say Murphy's not dispositive of any of the issues before this court. It just lays out the process that the IRS follows in a very technical, complicated issue in a way that I don't think is clear by any other source.  Once again.